UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA GASSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-1279 |
| v. | ) | |
| | ) | U.S. District Court Judge Joan Humphrey Lefkow |
| COOK COUNTY; and SHARONE R. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| MITCHELL, JR., solely in his official | ) | |
| capacity as PUBLIC DEFENDER OF | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Mitchell's Motion to Quash Plaintiff's
Subpoenas [Dkt. 44] and non-party movant Nabeela Ahmed's Partial Motion to Quash Subpoena
[Dkt. 52].[1] Having heard oral arguments on the matter and having considered the corresponding
written submissions, the Court denies Defendant Mitchell's motion to quash [Dkt. 44] (but grants the
relief sought therein on its own motion), and grants Ms. Ahmed's motion [Dkt. 52], as detailed below.

## Legal Standard

A person or entity who is served a subpoena may move to quash the subpoena pursuant to
Fed. R. Civ. P. 45(d)(3). "The scope of material obtainable by a Rule 45 subpoena is as broad as
permitted under the discovery rules." *SPS Techs., LLC v. Boeing Co.*, No. 19-cv-3365, 2019 WL
2409601, at *3 (N.D. Ill. June 7, 2019) (citing *Williams v. Blagojevich*, No. 05-cv-4673, 2008 WL
68680, at *3 (N.D. Ill. Jan. 2, 2008); Advisory Committee Notes regarding 1991 Amendments to Rule

---

[1]     The Court notes that Ms. Ahmed's initial motion is styled as a partial motion to quash [Dkt. 52]. Because Ms.
Ahmed's counsel believed there had been an agreement with Plaintiff's counsel on Request No. 2 to limit the documents
sought thereunder to only public-facing documents, Ms. Ahmed's partial motion sought only to quash Request Nos. 1
and 3 of Plaintiff's subpoena to Ms. Ahmed. However, at the September 10, 2025 motion hearing on this matter (transcript
at Dkt. 59), it became clear that there was no agreement to limit to Request No. 2. Therefore, Ms. Ahmed sought leave to
file a response in opposition to Request No. 2, which was filed at Dkt. 61. The Court considers Ms. Ahmed's combined
briefs [Dkts. 52, 61] to be seeking to quash the entirety of the subpoena to her.

45(a)(2) (stating a "non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."))

"Parties may seek discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case' through a Rule 45 subpoena." *Trustees of Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 19-cv-2965, 2023 WL 429047, at *3 (N.D. Ill. Jan. 26, 2023) (citing Fed. R. Civ. P. 26(b)(1)). The factors relevant to a proportionality inquiry are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "Courts resolve discovery disputes in their discretion by adopting a liberal interpretation of the discovery rules." *Drive Constr., Inc*., No. 19-cv-2965, 2023 WL 429047, at *3 (N.D. Ill. Jan. 26, 2023) (citing *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018)).

## Background

Relevant to the instant motion, Plaintiff's Amended Complaint asserts her First Amendment Rights were violated when Defendant Mitchell, the Public Defender of Cook County, directed her to remove a personal photograph she placed on top of the Cook County Public Defender ("CCPD") employee mailboxes on October 13, 2023, and return it to her private office (where it had been displayed outside of public view for over 20 years). [Dkt. 31 at ¶ 2; Dkt. 37 at ¶¶ 4-6, 29.] The photograph at issue depicts a young Plaintiff smiling and holding an assault rifle while standing in front of the Israeli flag. [Dkt. 37 at ¶ 18; Dkt. 44-2.] That same day, non-party Nabeela Ahmed, a second-year assistant public defender with the CCPD [*see* Dkt. 61 at 2; 61-2 at ¶ 1], notified non-party Theodore Thomas, Director of Training for the CCPD's Office [*see* Dkt. 59, 4:11-17 (transcript from the September 10, 2025, oral arguments on this motion)], about this photograph. [Dkt. 44-2.]

Following Plaintiff's removal of the photograph from the employee mailboxes, on October 20, 2023, Defendant Mitchell sent Plaintiff a letter explaining that displays of firearms "can be perceived as threatening, and therefore…inconsistent" with the Cook County Workplace Violence Policy. [Dkt. 37 at ¶ 33 and Dkt. 31, Ex. 2.] Plaintiff alleges the Public Defender's concerns about displays of firearms are pretextual viewpoint discrimination. [Dkt. 37 at ¶¶ 42-50.]

On June 5, 2025,[2] Plaintiff issued document subpoenas to the non-parties to this case mentioned above, Mr. Thomas and Ms. Ahmed. Those subpoenas seek:

> 1. All documents, social media posts, emails, text messages, chat messages, voicemails, notes, or other communications (collectively "Documents") referencing or discussing (a) a photograph of Plaintiff Debra Gassman holding a firearm in front of an Israeli flag, (b) discussing Debra Gassman, or (c) discussing Debra Gassman's case against the Cook County Public Defender's office.

> 2. All Documents referencing or discussing Israel or Palestine. The time period of this request is limited to the period of October 7, 2023 through the present.

> 3. All Documents provided to or received from Cook County Public Defender's Office or anyone else in connection with an investigation, complaint, or personnel matter involving Debbie Gassman.

[Dkt. 44-3 at 4, 8.]

The Amended Complaint does not assert any allegations against non-party subpoena recipients Mr. Thomas, or Ms. Ahmed.

## Analysis

As a threshold matter, the Court first addresses the threshold issue of standing. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action[.]" *CMB Exp., LLC v. Atteberry*, 2014 WL 12849793, at *3 (C.D. Ill. July 16, 2014) (internal quotations and citations omitted). However, a party has standing to move to quash a non-party

---

[2]    There is some disagreement as to the actual service date because while the subpoenas themselves bear a June 5, 2025 service date [Dkt. 44-3], Ms. Ahmed states that "On July 3, 2025, she accepted service of a subpoena (through her attorney) that had previously been tendered to Defendants and is reflected in Docket No. 44-3. Exhibit A. Defendants did not accept service of the subpoena on Ms. Ahmed's behalf and do not represent her. Dkt. 44 at p. 4." [Dkt. 52 at 2.]

subpoena if it "infringes upon the movant's legitimate interests." *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir. 1982). Here, Defendant Mitchell seeks to quash the subpoena Plaintiff issued to Theodore Thomas, Director of Training for the CCPD's Office. Similarly, but separately, non-party Nabeela Ahmed, an assistant public defender with the CCPD Office, seeks to quash the subpoena issued to her.

There is no question Ms. Ahmed has standing to quash the subpoena issued to her, as Fed. R. Civ. P. 45(d) permits "a person subject to or affected by a subpoena" to file a motion to quash or modify that subpoena. The question of whether Mr. Mitchell has standing to quash the subpoenas to Mr. Thomas and Ms. Ahmed requires a different calculus. The burden to establish standing to challenge a Rule 45 subpoena is not a high one. *See Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) (only requiring a minimal privacy interest to establish standing to quash a Rule 45 subpoena). A party seeking to quash a subpoena on behalf of a non-party must have at least a minimal and legitimate interest in the documents requested. *Architectural Iron Workers' Loc. No. 63 Welfare Fund v. Legna Installers Inc*., No. 22-cv-5757, 2023 WL 2974083, at *2 (N.D. Ill. Apr. 17, 2023). The cases cited by Defendant Mitchell, *Walton v. BMO Harris Bank*, 2017 U.S. Dist. LEXIS 200317, *2 (no corresponding Westlaw citation available) and *Parker v. Four Seasons Hotels, Ltd*., 291 F.R.D. 181, 183 (N.D. Ill. 2013), are inapposite in that the subpoenas at issue in those cases sought financial or business records of the defendant company from the non-party employee subpoena-recipient and, thus, the corporation had standing to quash a subpoena to its non-party employee. This is not the situation at hand. Here particularly, Request Nos. 1 and 3 of the subpoenas issued to Mr. Thomas and Ms. Ahmed seek, *inter alia*, personal social media records/information, which would require the nonparty subpoena recipient to personally produce information wholly unrelated to subpoena recipient's employment with the Defendant. Therefore, the Court finds Defendant Mitchell does not have the sufficient minimal interest in the documents

4

requested by the subpoena at issue here.[3]

However, the Court, mindful of its duty to protect nonparties from unnecessary or burdensome discovery, is troubled by the subpoenas to Mr. Thomas and Ms. Ahmed. The threshold for establishing a need for discovery from non-parties (like Thomas and Ahmed) is higher than for parties and, thus, "the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) (citation omitted). "Non-parties are afforded this special consideration, because they have a different set of expectations than parties. To put it colloquially, while plaintiff and defendant have different horses in this race, the non-party subpoena recipient has none and it is understandable if it is unenthusiastic about being forced to enter the race" in this case. *Id*. (cleaned up).

As discussed below, the Court does not believe either subpoena complies with Rule 45's requirement to "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Pro 45(d)(1). Therefore, the Court will grant Ms. Ahmed's motion to quash and will quash the subpoena issued to Mr. Thomas upon its own motion and under its inherent authority to do so. *See Charvat v. Travel Servs*., No. 12-cv-5746, 2015 WL 76901, at *2 (N.D. Ill. Jan. 5, 2015) ("Even though federal courts always have had the inherent power to protect persons subject to subpoena from undue burden, [Rule 45(d)(3)(A)(iv)] expressly *requires* district judges to quash or modify a subpoena deemed to impose undue burden or expense on anyone subject to the subpoena…") (emphasis added) (citations omitted); *see also Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008); *EEOC v. Wal-Mart Stores*, 46 F. 4th 587, 601 (7th Cir. 2022). Rule 45 does not contain "the discretionary language of Rule 26(c)…It is a command." *United States v. Amerigroup Illinois, Inc*., No. 02-cv-6074, 2005 WL

---

[3]    Interestingly, Ms. Ahmed filed her separate motion to quash, acknowledging the fact [Dkt. 52 at 2] that Defendant Mitchell "lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden", *Uppal v. Rosalind Franklin Univ. of Med. & Sci*., 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015), which holds true for Mr. Thomas as well.

3111972, at *2 (N.D. Ill. Oct. 21, 2005).

Request Nos. 1 and 3 of the subpoenas seek *any* document or communication with *any* person or on *any* social media site made by Mr. Thomas or Ms. Ahmed with any reference to Plaintiff at *any* point in time. First, the Court finds these requests problematic because they are not limited in time and scope (*i.e.*, not limited to exchanges with employees of the CCPD and not limited in time after October 13, 2023) and, thus, not proportionally tailored to the needs of this case.

Next, when analyzing Request No. 2, the Court turns more directly to the concept of undue burden. Courts have interpreted the "undue burden" language in Rule 45(d) as balancing the benefits of a production against the burden placed on the producing party. In analyzing undue burden, courts in the Northern District of Illinois apply a four-part balancing test, considering: (1) the person's status as a non-party, (2) the relevance of the discovery sought, (3) the subpoenaing party's need for the information, and (4) the breadth of the request and the burden imposed on the subpoenaed party. *LKQ Corp. v. Kia Am., Inc.*, No. 21-cv-3166, 2023 WL 6623363, at *2 (N.D. Ill. Oct. 11, 2023) (citation omitted).

Here, as to the first factor, neither Ms. Ahmed nor Mr. Thomas are a party to this case. As to the second factor, the Court finds that Request No. 2 is not relevant to the Plaintiff's claims at issue here because it seeks "all Documents referencing or discussing Israel and Palestine" since October 7, 2023. For example, a personal email between Ms. Ahmed and a family member that links a news article regarding either Israel or Palestine would arguably be responsive to this Request but clearly is not relevant to the Plaintiff's case. This is but one example of undoubtedly endless possibilities. Regarding the third factor, there is simply no need for the Plaintiff to have this information because neither Ms. Ahmed nor Mr. Thomas had any involvement in Defendant Mitchell's October 20, 2023

letter to Plaintiff.[4] Therefore, although Plaintiff alleges her claims of "content bias," would entitle her to explore the viewpoints of Ms. Ahmed, Mr. Thomas, and any employee of the Public Defender's office concerning Israel and Palestine, Defendant Mitchell is correct [*see* Dkt. 44 at 7] that even though *his* views concerning Israel and Palestine could be relevant to Plaintiff's claims, the personal views of Ms. Ahmed and Mr. Thomas on these subjects are not. Inquiries into the view of Ms. Ahmed and Mr. Thomas's about Israel and Palestine will not lead to the discovery of relevant information about Plaintiff's claim because it will not inform Plaintiff about Defendant Mitchell's views on these subjects. Moreover, as Ms. Ahmed points out, an employer's viewpoint bias is not judged by whether it has an opinion on a given topic, but whether it applies different standards to speech or bans speech merely because of disagreement with the viewpoint expressed. *Grossbaum v. Indianapolis-Marion Cnty. Bldg. Auth.*, 100 F.3d 1287, 1299 (7th Cir. 1996) ("a facially neutral government action that does not in fact violate anyone's constitutional rights or any constitutional principle should not be rendered unconstitutional, or even suspect, just by virtue of the factors considered by, or the attitudes or intentions held by, the public officials responsible for that action.") (cleaned up). Lastly, as to the fourth factor, the Court finds Request No. 2 (as with Request Nos. 1 and 3) extremely broad and further finds it indeed imposes a high (and unwarranted) burden on Ms. Ahmed and Mr. Thomas of conducting manual searches of their personal electronic devices and accounts for personal, private communications with any reference to Israel or Palestine.

Finally, Ms. Ahmed brings up another concern: that the subpoena seeks information that could expose Ms. Ahmed to risk of "professional retaliation, frivolous litigation, doxing, and government repression." [Dkt. 61 at 4.] Courts may "forbid[] inquiry into certain matters, or limit[] the scope of

---

[4]   For the same reason, the Court agrees with Defendant Mitchell that "[t]here is also extremely limited relevance at best to any social media posts or communications made by Ms. Ahmed or Mr. Thomas to individuals not employed by the Public Defender." [*Id*. at 8.] There is no suggestion that individuals not employed by the CCPD's Office were in any way decision-makers in this case. [*See* Dkt. 59 at 9:23-10:4.]

disclosure or discovery to certain matters" when that discovery would result in annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Discovery requests may not be "interposed for any improper purpose, such as to harass." Fed. R. Civ. P. 26(g)(1)(B)(ii). Illinois employees have a privacy interest in their private social media information. 820 ILCS 55/10 (prohibiting employer inquiries into employees' personal online accounts). They also have a First Amendment privilege against disclosure of their private political communications, like those sought by the subpoenas at issue here. *See In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, No. 22-cv-1322, 2024 WL 36982, at *1 (N.D. Ill. Jan. 3, 2024) (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)). As Plaintiff admits, "the topic of Israeli-Palestinian relations" is a matter of public concern. [Dkt. 54 at p. 7]. The risk of retaliation and need for privacy are particularly acute here because the type of speech at issue is under nationwide assault at the present historical moment. For the foregoing reasons, the Court finds the risk of harassment and retaliation in response to any of Ms. Ahmed's non-public speech about Israel/Palestine in her private social media posts or emails or other communications outweighs Plaintiff's alleged need. Thus, the Court will quash the subpoena to Ms. Ahmed on these grounds as well, because under Fed. R. Civ. P. 26(c)(1), any such documents have the likely potential for the undue burden of personal and professional harm to Ms. Ahmed. Although neither Mr. Thomas nor anyone on his behalf has moved to quash the subpoena to him on these grounds, the Court's reasoning here likewise applies to Mr. Thomas.

In summation Defendant Mitchell's Motion to Quash Plaintiff's Subpoenas [Dkt. 44] is denied for lack of standing. However, the entirety of the subpoena to Mr. Thomas is quashed upon the Court's own motion. Non-party movant Nabeela Ahmed's Partial Motion to Quash Subpoena [Dkt. 52] is granted as to the entirety of the subpoena issued to her. The Court expects the parties to continue working toward the firm fact discovery deadline of December 31, 2025. The parties are to file an updated joint status report on November 14, 2025.

**ENTERED: October 8, 2025**

_____

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge