# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBRA GASSMAN ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 24-cv-01279 |
| COOK COUNTY and SHARONE R. ) | |
| MITCHELL, JR., solely in his Official Capacity ) | Honorable Joan H. Lefkow |
| as the PUBLIC DEFENDER OF COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

**<u>PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES</u>**

NOW COMES the Plaintiff, DEBRA GASSMAN, by and through her counsel, and provides her Responses and Objections to Defendant's First Request of Interrogatories, and in support thereof state as follows:

**PRELIMINARY STATEMENT**

Plaintiff responds to these Interrogatories without waiver of or prejudice to her rights, at any later time, to raise objections to (a) the relevance, materiality or admissibility of such responses, or any part thereof, in this litigation or any other litigation; and (b) any further demand for discovery involving or relating to matters raised by these requests. Further investigation and examination may disclose additional information and documents relating to these responses. Plaintiff expressly reserves the right at any time to revise, correct, add to or clarify any of the statements propounded herein.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's definition of "you," which includes "any counsel, consultants, representatives, agents, contractors, experts, investigators, or other persons or entities acting on their behalf." Plaintiff provides answers to these discovery requests in her individual capacity.

## INTERROGATORY REQUESTS

1. Identify all persons who have, or claim to have, knowledge of, or who were, or claim to have been witnesses to, the occurrences complained of in your Complaint.

**ANSWER: Plaintiff objects to this Interrogatory overbroad, vague, compound, and unduly burdensome as it requests the identification of "all persons who have, or claim to have, knowledge of, or who were, or claim to have been witnesses to." Subject to said objection and without waiver, Plaintiff states: the individuals Plaintiff believes to have knowledge regarding the occurrences in the complaint are Beth Tarzia, John Greenlees, Parle Roe Taylor, Rodney Carr, Sharone Mitchell, and Myles Glynn.** *See also* **Plaintiff's Rule 26(a) disclosures.**

**Plaintiff's investigation continues.**

2. Please identify all statements from any person, whether oral or written, concerning the facts alleged, or claims asserted in Complaint.

**ANSWER: Plaintiff objects to this Interrogatory to the extent that it seeks attorney work product. Subject to said objection and without waiver, Plaintiff states:** *see* **Plaintiff's production of documents Gassman000001-Gassman0000098.**

3. Have You ever been suspended, terminated, were asked to resign from any employment, or received any disciplinary infractions? If so, please state the date and reason for each suspension, termination or resignation request or disciplinary infraction, along with the name and address of the employer for whom You were working.

**ANSWER: Plaintiff objects to this interrogatory to the extent it is overly broad, unduly burdensome, and not limited in time or subject matter. Plaintiff further objects on the grounds that the interrogatory seeks information that is not relevant to the subject matter of this litigation and is not proportional to the needs of the case. Plaintiff also objects to the extent the interrogatory seeks private employment information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff has not been suspended, terminated, asked to resign, or received any disciplinary infractions from any employment that is relevant to the subject matter of this litigation.**

4. Have You ever been involved in any civil legal action (workmen's compensation claims and bankruptcy included), as either a defendant or plaintiff? If so, please state the date and place where each such action was filed, the name of the court and parties involved, the case number,

the names of the attorneys representing each party, a description of the nature of the action, and the amount of any settlement or judgment rendered.

**ANSWER: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not limited in time or subject matter. The interrogatory is not limited in time or subject matter and seeks information about legal proceedings, including workers' compensation and bankruptcy matters, that are unrelated to the claims or defenses in this litigation. The request further seeks private, sensitive, and potentially privileged information, including settlement amounts that may be protected by confidentiality agreements or court orders. Plaintiff further objects to the extent the interrogatory seeks information protected by privacy rights or not proportional to the needs of the case under applicable discovery rules. Subject to and said objections and without waiver, Plaintiff states that she recalls being involved in the following civil legal actions within the last 20 years:**

1. Case Name: *Debra Gassman v. Edward Frischholtz, et al.*
   Court: U.S. Court Of Appeals, Seventh Circuit
   Case Number: No. 07-2213
   Date Filed: May 25, 2007
   William Caruso/ John Marshall Fair Housing Clinic
   Steve Blonder/Much Shelist for Gassman
   David Hartwell for Shoreline Towers

2. Case Name: *Debra Gassman v. Shoreline Towers Condominium A, et al.*
   Court: U.S. Court Of Appeals, Seventh Circuit.
   Case Number: 0:2007cv03100
   Date: September 4, 2007
   William Caruso/ John Marshall Fair Housing Clinic
   Steve Blonder/Much Shelist for Gassman
   David Hartwell for Shoreline Towers

3. Case Name: *Debra Gassman v. Shoreline Towers Condominium A, et al.*
   Court: Illinois Northern District Court
   Case Number: 1:2005cv05377
   Date: September 16, 2005
   William Caruso/ John Marshall Fair Housing Clinic
   Steve Blonder/Much Shelist for Gassman
   David Hartwell for Shoreline Towers

4. Case Name: *Olibiyi v Gassman et al.*
   Court: Illinois Northern District Court
   Case Number: 1:2004cv00479
   Date: February 5, 2004
   No attorneys. No award.

5. Case Name: *Gassman v. City of Chicago et al.*
   Court: Illinois Northern District Court
   Case Number: 1:2006cv06286
   Date: November 17, 2006
   Corporation Counsel for Defendant
   Rich Dvorak for Gassman
   $10,000-$20,000 settlement; cannot recall specific amount

6. Case Name: *Harris v. Blebel et al.*
   Court: Illinois Northern District Court
   Case Number: 3:15cv50275
   Date: October 21, 2015
   No attorneys known. No judgement.

7. Case Name: *Gassman v. City of Chicago*
   Court: Cook County – First District
   Case Number: 20011617109
   Date: December 5, 2001
   Corporation Counsel for Defendant
   Plaintiff pro se
   Judgment for Plaintiff

8. Case Name: *Shoreline Towers v. Debra Gassman, et al.*
   Court: Cook County – First District
   Case Number: 2007CH06273
   Date: March 7, 2007
   Attorneys: Greenberg Traurig LLP, Penland & Hartwell, Seyfarth Shaw LLP
   Voluntarily dismissed 2011

9. Case Name: *Shelton v. Biebel, et al.*
   Court: Cook County – First District
   Case Number: 2017CH10838
   Date: August 8, 2017
   Attorney General's Office for Defendants
   Judgment for Defendants

10. Case Name: *Brown v. Cook County*
    Court: Northern District Court
    Case Number: 17-cv-08085
    Date: November 8, 2017
    Attorney – Potter Bolanos LLC for Plaintiffs
    Reported as settled in 2020 for $14 million.

5. State all facts upon which You base any claim that she suffered damage including a description of the nature and extent of any damage, and a dollar value for all aspects of said damage, if applicable.

**ANSWER: Plaintiff objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome, and calls for a premature disclosure of information that may be the subject of expert testimony or further discovery. Responding Party further objects to the extent the interrogatory seeks a comprehensive narrative of all facts and a final dollar valuation of damages, as discovery is ongoing and damages may be supported or clarified by future evidence, including expert reports and deposition testimony.**

**Subject to and without waiving these objections, Plaintiff responds as follows:**

**Plaintiff suffered damages as a result of Defendant's conduct, including but not limited to: Emotional distress: Plaintiff has experienced anxiety, stress, loss of sleep, and other emotional and psychological symptoms as a result of the events described in the Complaint. Plaintiff's emotional distress disrupted her career and affected her home life. *See also* Plaintiff's response to Interrogatory No. 7.**

**Medical expenses: Plaintiff has incurred and may continue to incur expenses related to counseling, therapy, or medical care in connection with the emotional and/or physical harm suffered.**

**Reputational harm / loss of professional opportunities: As a result of Defendant's actions, Plaintiff's reputation has been negatively affected, resulting in potential long-term career impact.**

**General damages: Plaintiff seeks compensation for pain, suffering, and loss of enjoyment of life, in an amount to be determined by the trier of fact.**

**A complete computation of damages is ongoing and may be the subject of expert analysis. Plaintiff reserves the right to supplement this response in accordance with the applicable rules of civil procedure.**

6. Are You claiming any medical, psychiatric, or psychological treatment as an element of damages in this case?

**ANSWER: Plaintiff objects to this interrogatory to the extent it seeks information that is protected by the physician-patient and/or psychotherapist-patient privilege, and further objects on the grounds that it is premature to the extent expert discovery has not yet been completed.**

**Subject to and without waiving said objections, Plaintiff responds as follows:**

**Yes, Plaintiff is claiming emotional distress damages as a result of the conduct alleged in the Complaint. As part of those damages, Plaintiff has sought and/or may seek psychological and/or medical treatment, including but not limited to therapy or counseling. The extent of such treatment and related damages is currently being evaluated and may be further addressed through medical records, treating providers, or deposition testimony. Plaintiff reserves the right to supplement this response as discovery continues.**

      7.      If Your answer to Interrogatory 6 is yes, please state if the You have:

            A.      within the last five years been confined in a hospital and/or clinic, been treated by a physician and/or health professional, or x-rayed for any reason. If so, state the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional, the approximate date of such confinement or service and state the reason for such confinement or service;

**ANSWER: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope or subject matter. The interrogatory seeks information regarding all medical treatment within the last five years, regardless of its relevance to the claims or defenses in this case. Plaintiff further objects to the extent this request seeks information that is private and protected by physician-patient privilege and/or HIPAA, and which does not pertain to any medical condition placed at issue in this litigation. Plaintiff has received routine and non-litigation-related medical care within the last five years. However, none of the treatment or services received—other than those already identified in connection with claims for emotional distress or physical injury in this case—are relevant to the subject matter of this litigation.**

**To the extent medical, psychological, or psychiatric treatment has been sought as an element of damages in this case, Plaintiff will produce the names of providers, dates of treatment, and reasons for such treatment through initial disclosures or a properly limited medical authorization, in compliance with applicable privacy laws and discovery rules.**

            B.      within the last five years, suffered any serious personal injury and/or illness (including mental illness). If so, state when, where and how You were injured and/or ill, and describe the injuries and/or illness suffered;

**ANSWER: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope or subject matter. The interrogatory seeks information regardless of its relevance to the claims or defenses in this case. Plaintiff further objects to the extent this request seeks information that is private and protected by physician-patient privilege and/or HIPAA, and which does not pertain to any medical condition placed at issue in this litigation. Plaintiff objects to this Interrogatory to the extent it seeks information**

**protected by the physician-patient privilege and right to privacy under applicable law, including but not limited to medical and mental health records.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

**Yes. Within the last five years, Plaintiff has experienced anxiety and depression. The conditions developed due to workplace-related stress. These conditions have persisted due to Plaintiff's fear that she is being targeted. Plaintiff has received treatment from licensed mental health professionals and continues to manage the condition as needed. However, Plaintiff has been unable to come to work and attend to her clients due to ongoing management issues and related stress.**

    C.  suffered any serious personal injury and/or illness (including mental illness)

since the filing of the Original Complaint in this case. If so, state when, where and how she was

injured and/or ill and describe the injuries and/or illness suffered.

**ANSWER: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the physician-patient privilege and right to privacy under applicable law, including but not limited to medical and mental health records. Plaintiff further objects on the grounds that the Interrogatory is vague, overbroad, and seeks information not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of medical details unrelated to the claims or defenses in this action.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

**Since the filing of the Original Complaint, Plaintiff has experienced heightened emotional distress, including increased anxiety, a sense of invasion of privacy, and difficulty concentrating at work. Plaintiff has been subjected to increased and unexplained monitoring by management, including managers appearing unannounced at Plaintiff's office. This has created a sense of unease, intrusion, and fear of retaliation. These issues have been compounded by malicious, untrue, and targeted posts made about Plaintiff on social media, which Plaintiff believes are in direct retaliation for filing this lawsuit and asserting her constitutional rights. As a result, Plaintiff has suffered elevated stress, frustration, anxiety, and a deteriorated sense of personal and professional safety, all of which have interfered with her ability to focus, work productively, and maintain emotional well-being.**

    8.  Please identify any physician or other health professional You have seen for treatment

or diagnosis of any condition You sustained from the allegations in the Complaint or for the treatment

of any symptoms related to those alleged conditions. Include the treater's name, the name of the

practice or office, its phone number and address, and the month(s) and year(s) which You received treatment.

**ANSWER: Plaintiff has received treatment related to emotional distress and anxiety that are connected to the allegations in the Complaint. Treatment has included therapy sessions with a licensed mental health professional. At this time, Plaintiff identifies the following provider:**

**Name: Dr. Amy Kissinger**
**Practice/Office: Northwestern Internists**
**Phone Number: (312) 335-1133**
**Address: 676 N St. Clair, Chicago, IL 60610**
**Dates of Treatment: October 2023-December 2024**

**Name: Lavita Collins, LCSW**
**Practice/Office: Inner Voice Psychotherapy & Consultation**
**Phone Number: (312) 620-1420**
**Address: 4905 Old Orchard Center, Skokie IL 60077**
**Dates of Treatment: October 2023-December 2024**

9. Describe where the Photograph was positioned in Your office prior to October 10, 2024.

**ANSWER: Prior to October 10, 2024, the Photograph was displayed in her office on the wall adjacent to her desk. Plaintiff shared the office with a colleague. The Photograph was part of Plaintiff's personal workspace decor and was prominently displayed where general public, office personnel, staff, supervisors, clients and anyone passing by or visiting could see.**

10. Describe where the Photograph has been positioned in Your office since October 10, 2024.

**ANSWER: Since October 10, 2024, the Photograph was displayed on a file cabinet Plaintiff's private office. After the Photograph was confiscated, it was moved to a hidden corner of Plaintiff's office.**

11. Since 2020, state all instances where You observed holiday decorations, photographs or art displayed on and around the employee mailboxes of the Public Defender's Office in Skokie, as alleged in Paragraphs 29-30 of Your Complaint.

**ANSWER: From approximately October 2020 through January 2025, Plaintiff observed holiday decorations, photographs, and/or artwork displayed on and around the employee mailboxes on various occasions. These included, but were not limited to, decorations for**

holidays and special occasions. The displays varied in content and frequency but were regularly present during these times.

12. Identify all documents and other evidence of any communications You had with Rodney Carr and Parle Roe-Taylor relating to the Photograph, including, but not limited to the conversations You allege in Paragraphs 31, 35 and 37 of Your Complaint.

**ANSWER: Plaintiff objects to this request to the extent that it seeks information in the possession and control of Defendants. Plaintiff demands production thereof. Subject to said objection and without waiver, Plaintiff responds as follows: The communications with Parle Roe-Taylor related to the Photograph as referenced in Paragraphs 31, 35, and 37 of the Complaint, are contained in Plaintiff's production Gassman000001-000060. Additionally, communications with Rodney Carr and Parle Roe-Taylor were conveyed to Plaintiff by Elizabeth Tarzia and John Greenlees.**

13. Identify any communications, documents or evidence of communications You had with Elizabeth Tarzia concerning the Photograph or any of the allegations of Your Complaint.

**ANSWER: Plaintiff participated in verbal meetings involving Elizabeth Tarzia in which Plaintiff was informed that upper management directed Plaintiff not to display the Photograph in any manner or at any angle where it could possibly be seen. Plaintiff's understanding is that the directive originated from upper management and Rodney Carr and Parle Roe-Taylor justified the directive stating that Plaintiff's photograph was comparable to displaying a swastika in the workplace.**

**These communications were verbal in nature and, to Plaintiff's knowledge, were not documented in writing. Plaintiff reserves the right to supplement this response should additional evidence or documentation be identified during discovery.**

14. Identify all communications, documents or other evidence that the Public Defender permits employees to place items in their personal offices without censorship, as alleged in Paragraphs 38 and 43 of Your Complaint.

**ANSWER: Plaintiff objects to this request to the extent that it seeks information in the possession and control of Defendants and Plaintiff demands production thereof. Subject to said objection and without waiver, Plaintiff is not aware of any communications from the Public Defender that have addressed any type of items permitted or not in one's office. Plaintiff is aware of Public Defenders' offices have Black Lives Matter items at Skokie and elsewhere. Palestinian flags are also on display on the 7th and 8th floor at offices at 2600 S California.**

15. Since 2020, state all instances where the Public Defender has allowed weapons in any office, as alleged in Paragraphs 44-45 of Your Complaint. Identify whether each instance where weapons were present in an office was because they were evidence in a case or were otherwise used in any legal proceeding.

**ANSWER: Plaintiff objects to this Interrogatory to the extent it seeks information that is not within Plaintiff's personal knowledge or control and to the extent it assumes that Plaintiff has access to or is responsible for tracking the employer's policy enforcement across all offices. Plaintiff further objects to the extent the Interrogatory seeks information that may be more appropriately directed to the employer or supervisors with direct oversight responsibilities. Plaintiff objects to this request to the extent that it seeks information in the possession and control of Defendants and Plaintiff demands production thereof. Subject to said objection and without waiver, Plaintiff states:**

**Plaintiff does not have full knowledge of all instances where the employer may have allowed weapons in any office since 2020, particularly due to time spent working remotely during the COVID-19 pandemic and time between assignments. However, based on personal recollection from the period prior to 2020, Plaintiff observed swords, knives, guns, and other novelty weapons displayed in offices by employees. These items were displayed openly and, to Plaintiff's knowledge, were not part of any ongoing case or legal proceeding. Supervisors and members of upper management responsible for those units would have more detailed and accurate knowledge regarding the presence and purpose of those items. *See also* Plaintiff's production of documents.**

16. Identify the photograph appearing in Paragraph 46 of Your Complaint.

**ANSWER: There is no photograph in Paragraph 46 of complaint.**

17. Identify the photograph appearing in Paragraph 47 of Your Complaint.

**ANSWER: The photograph referenced in Paragraph 47 of the Complaint is an attachment to an email sent out by Supervisor David Dunne. See Plaintiff's production of documents.**

18. Outside of the photographs appearing in Paragraphs 46-47 of Your Complaint, identify any other instances where employees of the Public Defender were allowed to display gun photographs in their personal offices, as alleged in Paragraph 45 of Your Complaint.

**ANSWER: In addition to the instance referenced in Paragraph 45 of the Complaint, the following are additional instances where employees were allowed to display photographs of guns in their personal or shared workspaces: Michael Biel's office contained a photograph of a child holding a gun. The Murder Task Office and Investigator's Exterior Offices and Cubicles**

**at 26th street displayed similar imagery. Gun-related photographs or imagery have been displayed bulletin boards at various locations throughout all the cook county public defender's office space in all the courthouse locations.**

      19.     Identify each of photographs You filed in this case as Dkt. 27.

**ANSWER: All photos currently in public view upon entry into the Public Defender's Office at 2600 S California. See Plaintiff's production of documents.**

      20.     Identify any evidence that You were disciplined by the Public Defender as alleged in Paragraphs 33 and 50 of Your Complaint.

**ANSWER: Plaintiff was reprimanded on October 20, 2023 in correspondence by Sharone Mitchell, Jr. In January 2024, Rodney Carr mandated a meeting in his downtown office. During the counseling session, Mr. Carr compared Plaintiff to a disgraced former Chief, who is no longer with the office after being accused and disciplined for multiple acts of misconduct. See Plaintiff's production of documents.**

      21.     Since 2020, identify any communication You received, or are aware of, concerning the Public Defender's social media policy.

**ANSWER: Since 2020, Plaintiff is aware of the social media policy as outlined in Section 6-3-3 of the Cook County Public Defender's Employee Manual. Plaintiff does not recall receiving any separate or additional communications specifically addressing the social media policy beyond what is contained in that manual. See Plaintiff's production of documents.**

      22.     Identify any document, communication or evidence supporting Your allegation that employees of the Public Defender must receive approval before posting on social media, as alleged in Paragraphs 60-64 of Your Complaint.

**ANSWER: Plaintiff refers to and incorporates Section 6-3-3 of the Cook County Public Defender's Employee Manual, which outlines the social media policy requiring employees to obtain approval prior to posting work-related content on social media. This section serves as the basis for the allegations set forth in Paragraphs 60–64 of the Complaint. To the best of Plaintiff's knowledge, no additional documents or communications have been provided that alter or expand upon this policy.**

      23.     Identify all social media platforms You have, or have had, accounts on or regularly interacted with since 2020.

**ANSWER: Plaintiff objects that this request seeks private and confidential information not likely to lead to the discovery regarding any nonprivileged matter, to any party's claim or defense, and not proportional to the needs of the case. Subject to and without waiving objections, since 2020, Plaintiff has had an account on Facebook and has regularly interacted with the platform.**

      24.    Identify any social media post You made, or that You responded to, involving the Public Defender, the Law Office of the Public Defender, or any employee of the Public Defender since 2020.

**ANSWER: Since 2020, Plaintiff has not made, nor responded to, any social media posts involving the Public Defender, the Law Office of the Public Defender, or any employee of the Public Defender.**

    Respectfully Submitted,

    /s/ Heidi Karr Sleper
    Counsel for Plaintiff

David Fish, Esq.
Heidi Karr Sleper, Esq.
Workplace Law Partners PC
155 N. Michigan Ave., Suite 719
Chicago, IL 60601
(312) 861-1800
Docketing@fishlawfirm.com
dfish@fishlawfirm.com
hsleper@fishlawfirm.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the Plaintiff's Responses to Defendant's First Set of Interrogatories to Plaintiff are based upon reasonable inquiry and are true and correct to the best of my knowledge, information and belief. I hereby reserve the right to amend or supplement my answers if I become aware of errors or additional information.

Dated: 6/13/25