## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBRA GASSMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 24-cv-01279 |
| COOK COUNTY and SHARONE R. | ) | |
| MITCHELL, JR., solely in his Official Capacity | ) | Honorable Joan H. Lefkow |
| as the PUBLIC DEFENDER OF COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### FIRST REQUEST FOR PRODUCTION

NOW COMES the Plaintiff, DEBRA GASSMAN, by and through her counsel, and provides her Responses and Objections to Defendant's First Request for Production of Documents, and in support thereof state as follows:

### PRELIMINARY STATEMENT

Plaintiff responds to these requests without waiver of or prejudice to her rights, at any later time, to raise objections to (a) the relevance, materiality or admissibility of such responses, or any part thereof, in this litigation or any other litigation; and (b) any further demand for discovery involving or relating to matters raised by these requests. Further investigation and examination may disclose additional information and documents relating to these responses. Plaintiff expressly reserves the right at any time to revise, correct, add to or clarify any of the statements propounded herein.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents referred to, related to or identified in Defendant's Interrogatories and those used by Plaintiff in any manner to prepare her answers to Defendant's Interrogatories.

**RESPONSE: See Plaintiff's production of documents. Plaintiff also utilized Odyssey and PACER to answer Defendant's Interrogatories.**

      2.      All documents upon which Plaintiff referred to, or relied on, to draft the Complaint.

**RESPONSE: *See* Bates Gassman00001-Gassman000060, Gassman000105-Gassman000106, Gassman000387-Gassman000390, Gassman000638-Gassman000639.**

      2.      Any documents that negate any of the allegations in the Complaint.

**RESPONSE: None**

      3.      All written statements of any kind relating to the allegations contained in the Complaint or upon which any or all the allegations contained in the Complaint are based, including any documents identified in Plaintiff's (forthcoming) Rule 26(a) initial disclosures.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks documents subject to attorney/client privilege and constitute attorney work product. Plaintiff further objects that it seeks information in the possession or control of Defendant. Plaintiff demands production thereof. Subject to said objection and without waiver, *see* Gassman00001-Gassman000098, Gassman000105-Gassman000106, Gassman000381-385.**

      5.      Any audio or video recordings relating to the Complaint.

**RESPONSE: *See* Gassman000387-Gassman000390, Gassman000638-Gassman000642.**

      6. All documents and communication prepared by Plaintiff regarding the allegations in the Complaint.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks documents subject to attorney/client privilege and constitute attorney work product. Plaintiff further objects that it seeks information in the possession or control of Defendant. Plaintiff demands production thereof. Subject to said objection and without waiver, *See* Gassman00001-Gassman000060, Gassman000381-Gassman000385.**

      7.      All communications between Plaintiff and any employee of Defendant regarding any allegation of the Complaint.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks documents subject to attorney/client privilege and constitute attorney work product. Plaintiff further objects that it seeks information in the possession or control of Defendant. Plaintiff demands production**

thereof. Subject to said objection and without waiver, *See* **Gassman00001-Gassman000060, Gassman000381-Gassman000385.**

8.      All grievances, charges and any lawsuits initiated or filed by Plaintiff in the past

five years.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information outside the scope of Federal Rules 26 and 34. Plaintiff also objects that documents are publicly available on PACER and/or Odyssey.**

9.      All documents and any communication between Plaintiff and any member of her

Union regarding any allegations of the Complaint.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information subject to Employee-Union Representative Confidentiality privilege. Subject to said objection and without waiver, *see* Gassman000001-Gassman000060.**

10.     All documents or communications prepared by any of witnesses to any allegation

in the Complaint.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks documents subject to attorney/client privilege and constitute attorney work product. Plaintiff further objects that it seeks information in the possession or control of Defendant. Plaintiff demands production thereof. Subject to said objection and without waiver, *See* Gassman00001-Gassman000060, Gassman000381-Gassman000385.**

11.     All social media (*e.g.*, Facebook, Instagram, SnapChat, WhatsApp, etc.) posts,

comments and responses made by Plaintiff since 2020 regarding the Public Defender, the Law

Office of the Public Defender or any employee of the Law Office of the Public Defender.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information outside the scope of Federal Rules 26 and 34. Subject to said objection and without waiver, None that Plaintiff recalls at this time.**

12.     All social media posts made by Plaintiff related to any allegation of the Complaint.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information outside the scope of Federal Rules 26 and 34. Subject to said objection and without waiver, None that Plaintiff recalls at this time.**

13.     Any exhibits Plaintiff plans to use at trial or in any dispositive motion, whether demonstrably, substantively, for impeachment or for any other purpose.

**RESPONSE: Plaintiff objects to this request as premature. Plaintiff will identify trial exhibits and dispositive motion exhibits in accordance with the scheduling orders of this Court and the Federal Rules of Civil Procedure. Plaintiff reserves the right to use any document produced by Plaintiff or Defendant as an exhibit at trial or in any dispositive motion.**

14.     All documents supporting Plaintiff's claims for the damages, monetary or equitable relief sought in this case.

**RESPONSE: Plaintiff objects to this request as discovery is in its infancy and damages continue to accrue. Subject to said objection and without waiver, *see* Gassman000099-Gassman000104. Plaintiff's investigation continues.**

15.     Any documents communicating any training, orientation, or development to Plaintiff regarding the 2016 Public Defender's Employee Handbook, and any subsequent iterations of it.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information in the possession or control of Defendant. Plaintiff demands production thereof. Subject to said objection and without waiver, none.**

16.     If you are claiming lost wages, copies of your state, federal, and local income tax filings for the years 2020 through the present, including all attachments, W-2 forms, and 1099s.

**RESPONSE: Plaintiff objects to this request as discovery is in its infancy and damages continue to accrue. Plaintiff further objects to this request to the extent that it seeks information outside the scope of Federal Rules 26 and 34. Subject to said objection and without waiver, *see* Gassman000102-Gassman000104. Plaintiff's investigation continues.**

17.     All doctor, hospital, medical or mental health records, reports, documents, letters, files, bills relating to any injury you claim resulted from the allegations in the Complaint.

**RESPONSE: Plaintiff objects to this request as discovery is in its infancy and damages continue to accrue. Subject to said objection and without waiver, *see* Gassman000099-Gassman000101. Plaintiff's investigation continues.**

18.     Any doctor, hospital, medical or mental health records and bills between January

1, 2015 and the present date.

**RESPONSE: Plaintiff objects to this request as duplicative. Plaintiff further objects that discovery is in its infancy and damages continue to accrue. Subject to said objection and without waiver,** *see* **Gassman000099-Gassman000101. Plaintiff's investigation continues.**

19.     Any communication between Plaintiff and any employee of Amicus StandWithUs or the law firm Loftus and Eisenberg regarding Plaintiff or this lawsuit.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information outside the scope of Federal Rules 26 and 34. Subject to said objection and without waiver, None.**

20.     For any expert you have consulted with, sought to retain, or retained (presently or in the future) regarding this case, provide:

a.     A copy of the expert's curriculum vitae;

b.     Copies of any studies, articles, treatise, reports, or documents of any such nature on which the expert will claim to rely in his/her testimony in this proceeding and

c.     A list of all cases or legal proceedings the expert has testified or consulted on in the past 10 years.

**Response: Plaintiff objects to this Request as premature, as Plaintiff has not determined what witnesses, including expert witnesses, she may call to testify at the trial of this case. Plaintiff will make expert witness disclosures in accordance with the schedule set by the court. Subject to said objections and without waiver, Plaintiff states that she has not at this time retained any experts as a consultant, or that she expects to call as a witness at trial, or whose testimony she expects to use in support of or in opposition to a motion for summary judgment in this case. Plaintiff reserves the right to supplement her response to this Request.**

Respectfully Submitted,

/s/ Heidi Karr Sleper
Counsel for Plaintiff

David Fish, Esq.
Heidi Karr Sleper, Esq.
Workplace Law Partners PC
155 N. Michigan Ave., Suite 719
Chicago, IL 60601

(312) 861-1800
Docketing@fishlawfirm.com
dfish@fishlawfirm.com
hsleper@fishlawfirm.com